**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  Case No.: 8:21-cr-383-WFJ-AAS

ELVIN MARKS
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Elvin Marks, USM#: 95427-509, moves (Dkt. 60) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On March 7, 2023, Elvin Marks was sentenced under 18 U.S.C. § 1341 and 18 U.S.C. § 287 to 41 months. Elvin Marks's total offense level was 22. He was assessed no criminal history points, and his criminal history was category I. Mr. Marks's advisory sentencing range was 41-51 months, and he received a sentence at the bottom of the advisory range. The Bureau of Prisons reports that his projected release is October 11, 2025.[1]

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

---

[1] The BOP website shows his release date as July 13, 2025. *See* https://www.bop.gov/inmateloc/ (last checked 10/22/24).

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Elvin Marks is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 20 and reduces his advisory sentencing range to 33-41.  The Federal Defender appears, confirms Elvin Marks's eligibility for a reduction, and moves unopposed to reduce his sentence to 33 months (an 8-month reduction in sentence).

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction.  This underlying case was a remarkable bold tax fraud whereby Movant swindled $4.6 million out of the IRS.  The IRS recovered back about $4 million.  *See* Dkt. 54 at 4–5.  Movant is very lucky he did not receive a harsher sentence.  The nature of the crime and need to foster respect for the law require this motion to be denied.  *See* 18 U.S.C. § 3553(a)(1) and (a)(2)(A).

Mr. Elvin Marks's motion (Dkt. 60) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 22, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE